### UNITED STATES

v.

### Leonard E. BRISCOE, Sr., Lance W. Wilson, Maurice David Steier.

### UNITED STATES

v.

### Leonard E. BRISCOE, Sr., Maurice David Steier.

### Crim. Nos. 91–399 SSH, 92–86 SSH.

United States District Court, District of Columbia.

Aug. 7, 1992.

Opinion Aug. 14, 1992.

---

Roscoe C. Howard, Jr., Associate Independent Counsel, Office of Independent Counsel, Washington, D.C., for plaintiff.

Barry W. Levine, Elaine Metlin, Dickstein, Shapiro & Morin, Washington, D.C., for defendant Briscoe.

Theodore V. Wells, Jr., Lowenstein, Sandler, Kohl, Fisher & Boylan, Roseland, N.J., for defendant Wilson.

James Davis, Omaha, Neb., for defendant Steier.

## ORDER

STANLEY S. HARRIS, District Judge.

Before the Court are the Government's motion and supplemental motion to consolidate indictments and trials. On consideration of the motions and the defendants' oppositions, the Court consolidates trial of these cases pursuant to Fed.R.Crim.P. 13. The Court soon will issue an Opinion setting forth the reasons for its decision, but issues this Order now for the parties' information. The Court also expresses its intention, absent extraordinary intervening circumstances, to adhere to the previously-set September 22, 1992, trial date. Accordingly, it hereby is

ORDERED, that *United States v. Briscoe, Wilson, and Steier,* Criminal No. 91–399, and *United States v. Briscoe and Steier,* Criminal No. 92–86, are consolidated.

SO ORDERED.

## OPINION

Before the Court are the Government's motion and supplemental motion to consolidate indictments and trials and the defendants' oppositions thereto.[1] The motions were filed jointly by the Office of Independent Counsel (OIC) and the Department of Justice (DoJ) through the United States Attorney for the District of Columbia.[2] They seek consolidation of *United States v. Briscoe, Wilson, and Steier,* Criminal No. 91–399, which was initiated here by the OIC, and *United States v. Briscoe and Steier,* Criminal No. 92–86, which originally was brought by the United States Attorney for the Southern District of Florida. After careful review of the entire record, the Court consolidated the two indictments for trial by Order of August 7, 1992. This Opinion sets forth the reasons for the Court's Order. Defendants opposed consolidation on a number of grounds. The

Court addresses only those contentions that it considers significant.

### Background

On July 11, 1991, the OIC filed an indictment against defendant Briscoe in this district, Criminal No. 91–399 (OIC indictment). The OIC subsequently filed three superseding indictments, the last of which is *United States v. Briscoe, Wilson, and Steier* (third superseding indictment). On June 12, 1991, the United States Attorney for the Southern District of Florida returned an indictment against defendants Briscoe and Steier, in that district's Criminal No. 92–8066 (the South Florida indictment). On defendant Briscoe's motion, the South Florida indictment was transferred to this District on January 28, 1992. The South Florida indictment, this Court's Criminal No. 92–86, was assigned to the undersigned as related to the OIC indictment.

Following the transfer, the OIC and the United States Attorney jointly moved to consolidate the OIC indictment with the South Florida indictment. The Government initially moved to consolidate the OIC's second superseding indictment with the South Florida indictment. Before defendants' oppositions to that motion were filed, the OIC filed the third superseding indictment, and the Government filed a supplemental motion to consolidate.

The South Florida indictment charges defendants Briscoe and Steier with three counts of bribery, three counts of paying an illegal gratuity, and conspiracy to commit those offenses.[3] Count one of the indictment alleges that defendants conspired to provide bribery money to DuBois Gilliam, Deputy Assistant Secretary for Program Policy Development and Evaluation at HUD. (South Florida indictment at 2–6). Gilliam administered HUD's Urban Development Action Grant program (UDAG). The alleged purpose and object of the con-

1. The term "Government" in this case refers collectively to the Independent Counsel and the United States Attorney for the District of Columbia.

2. The Independent Counsel in this case was appointed to investigate alleged corruption with-

in the Department of Housing and Urban Development.

3. Defendants Briscoe and Steier are charged in that indictment with violating 18 U.S.C. §§ 201(b)(1)(A) & (B) and 201(c)(1)(A).

spiracy was to obtain HUD approval under the UDAG program for various projects developed by defendant Briscoe. (*Id.* at 3–4.) The defendants allegedly disguised the payments to Gilliam as attorney's fees to Steier. Steier allegedly formed various corporations to conceal the true recipient of the payments. The six other counts of the South Florida indictment charge the defendants with bribery and paying an illegal gratuity.[4] (*Id.* at 4.)

The OIC indictment charges defendants Briscoe and Wilson with submitting false statements to HUD in connection with UDAG applications for various projects developed by Briscoe, including the projects at issue in the South Florida indictment.[5] (OIC indictment at 28–54.) For each project, Wilson, a First Vice President of a financial institution, falsely represented that his employer had issued the requisite "firm financial commitment" for the project to qualify under the UDAG program. Briscoe then represented that he accepted the financial commitment. The false statements were submitted to DuBois Gilliam at HUD to obtain UDAGs. *Id.*

The OIC indictment also charges defendants Briscoe, Wilson, and Steier with conspiracy. Count one alleges that the defendants conspired "to use illegal means to ensure that HUD would approve and award UDAG funds" to Briscoe's projects, includ-

ing projects that did not qualify for HUD grants. (OIC indictment at 12, ¶ 28.) The defendants allegedly conspired to obtain HUD grants for various projects by submitting false statements to HUD and making illegal payments to DuBois Gilliam in exchange for approving the grants. The illegal payment portion of the conspiracy is the same bribery scheme alleged in the South Florida indictment. Thus, the conspiracy in the OIC indictment encompasses both the South Florida bribery charges and the false statements charges.

The OIC indictment names DuBois Gilliam as an unindicted coconspirator.[6] Both Briscoe and Steier were unindicted coconspirators in the OIC's second superseding indictment and are named as indicted coconspirators in the third superseding indictment.[7]

## Discussion

■ Rule 13 provides that "[t]he court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information." Fed. R.Crim.P. 13. Thus, a court may consolidate indictments for trial if the offenses could be joined in a single indictment under Rule 8. *United States v. Burkley*, 591 F.2d 903, 918 (D.C.Cir.1978), *cert. denied,*

---

4. Counts two through five charge defendants Briscoe and Steier with bribery and paying an illegal gratuity to Gilliam in connection with the Wedgewood Plaza Apartments and Wedgewood Plaza Mall projects in Riviera Beach, Florida. Counts six and seven charge defendant Briscoe with the same offenses in connection with the Palm Glade Apartments project in Belle Glade, Florida.

5. Defendants Briscoe and Wilson allegedly submitted false statements to obtain UDAGs for Wedgewood Plaza Mall, Overton Ridge Development, and Palm Glade Apartments. The OIC indictment addresses five separate false statements and charges the defendants with three separate offenses for each one under 18 U.S.C. §§ 1001, 1010, and 1012. The OIC indictment also charges the defendants with wire fraud and mail fraud in violation of 18 U.S.C. §§ 1341 and 1343.

6. The indictment also names Darrell Wood, who is deceased, as an unindicted coconspirator.

7. The conspiracy charge in the OIC's second superseding indictment also encompassed the bribery scheme charged in the South Florida indictment. Although Steier was not charged in any counts of the second superseding indictment, he was named in numerous paragraphs of the conspiracy charge which described the bribery scheme. (*See* second superseding indictment ¶¶ 19, 21, 22, 35, 36, 47, 51, 52, 54, 58, and 60.) The second superseding indictment also described Briscoe's role in the bribery portion of the conspiracy. (*See id.* ¶¶ 17, 34, 36, 46, 50, 51, 52, 53, 55, 56, and 57.) The third superseding indictment incorporated paragraphs further describing the bribery scheme from the South Florida indictment. (*Compare* third superseding indictment ¶¶ 34–39, and 44–45, *with,* South Florida indictment pp. 4–5 ¶¶ 1–7; *compare* third superseding indictment ¶¶ 57, 62, 64, 67, 68, 99, 102, and 103, *with* South Florida indictment pp. 5–7, ¶¶ 1–8.)

440 U.S. 966, 99 S.Ct. 1516, 59 L.Ed.2d 782 (1979); *United States v. McDaniel,* 538 F.2d 408, 411 (D.C.Cir.1976).

"Rule 8(b) governs the joinder of defendants and offenses when there are multiple defendants." *United States v. Halliman,* 923 F.2d 873, 882 (D.C.Cir.1991); *United States v. Perry,* 731 F.2d 985, 989 (D.C.Cir. 1984). Rule 8(b) provides:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

■ The rule extends to offenses comprised of the "same series of acts or transactions." *Id.* That language "may not be read to embrace similar or even identical offenses, *unless* those offenses are related." *Perry,* 731 F.2d at 990. "Acts or transactions form a 'series' within the meaning of the rule if they 'constitute parts of a common scheme or plan.'" *Halliman,* 923 F.2d at 883 (quoting *Perry,* 731 F.2d at 990, and *United States v. Jackson,* 562 F.2d 789, 796 (D.C.Cir.1977)). "In other words, there must be a logical relationship between the acts or transactions within the series." *Perry,* 731 F.2d at 990.

■ The OIC indictment alleges on its face that the defendants participated in a common scheme or plan that included the offenses alleged in the South Florida indictment.[8] The offenses in the South Florida indictment are a subset of the overall "series of acts or transactions" in the OIC indictment. The acts within the overall series are "logically related" through a common purpose to obtain UDAG grants for projects developed by defendant Briscoe.[9] *Cf. United States v. Nicely,* 922 F.2d 850 (D.C.Cir.1991) (joinder of two conspiracies with common participants but with distinct "victims" not appropriate). Thus, joinder of the offenses in a *single indictment* would be appropriate under Rule 8(b). *See McDaniel,* 538 F.2d at 411.

■ Defendant Briscoe contends that the offenses could not have been charged in a single indictment originally because of venue problems, and therefore that consolidation is improper. The OIC has stated from the outset that no district originally had venue of both the bribery charges and the false statements charges. However, the original venue problems do not bar consolidation. Defendants Briscoe and Steier waived any objection to venue of the South Florida charges in this district through the motion to transfer.[10] Logic, fairness, and considerations of judicial economy dictate that the defendants may not now prevent an otherwise appropriate consolidation by asserting the original venue problems.[11]

The language of Rule 13 is permissive with regard to consolidation of appropriate indictments, and therefore the Court should consider the effect of consolidation

---

8. The Court may determine whether joinder is appropriate from the allegations of the indictment. *See Perry,* 731 F.2d at 990–91 (basis for joinder may be determined from the pretrial evidence if it is not apparent from the indictment).

9. Contrary to defendants' assertions, the logical relationship between the offenses in the two indictments was apparent even on the face of the OIC's second superseding indictment. Defendants stress that the second superseding indictment did not allege that defendant Wilson "participated in any of the events described in the [South Florida] indictment." (Briscoe's Opp. at 15; *see* Wilson's Opp. at 17–18.) Thus, they argue that the third superseding indictment was obtained for the improper purpose of elimi-

nating an obstacle to consolidation. However, the OIC's second superseding indictment alleged that Wilson participated in a conspiracy with Briscoe and Steier and that the conspiracy included the events described in the South Florida indictment. Therefore, consolidation of the second superseding indictment would have been appropriate.

10. Defendant Steier did not oppose defendant Briscoe's motion to transfer.

11. Defendants contend that the third superseding indictment suffers additional flaws that they will address in pretrial motions. The Court does not resolve those issues, except to conclude that the alleged flaws do not bar consolidation.

on judicial economy. *Burkley*, 591 F.2d at 919. The Court also must weigh any possible prejudice to the defendants. *Id.* The Court finds that consolidation will not prejudice the defendants because evidence relating to the charges in each indictment would be admissible in a separate trial on the other.[12] Moreover, consolidation will prevent duplication of evidence, thereby conserving the resources of the Court.

Defendants contend that consolidation would violate the purpose and the specific terms of the Ethics in Government Act (Ethics Act), 28 U.S.C. §§ 591–98 (1982 & Supp.1992), under which the OIC was appointed. Defendants argue that a joint prosecution would undermine the "independence" of the Independent Counsel.

The Ethics Act is designed in part to prevent the DoJ from interfering with an independent counsel's investigation. *See United States v. Fernandez*, 887 F.2d 465, 468 (4th Cir.1989); *In re Sealed Case*, 829 F.2d 50, 56 (D.C.Cir.1987), *cert. denied*, 484 U.S. 1027, 108 S.Ct. 753, 98 L.Ed.2d 765 (1988). To that end, the Act "effects a sweeping transfer of prosecutorial and investigative authority from the Attorney General to independent counsel." *Fernandez*, 887 F.2d at 468; *see* 28 U.S.C. § 594(a). Such broad authority ensures that an independent counsel may pursue its investigation "without intervention, supervision or control by the Department of Justice." *Fernandez*, 887 F.2d at 468 (quoting S.Rep. No. 170, 95th Cong., 2d Sess. 66, *reprinted in* 1978 U.S.Code Cong. & Ad.News 4216, 4282).

The Ethics Act does not prohibit cooperation between the DoJ and an independent counsel. In fact, certain types of cooperation and consultation are expressly permitted. *See, e.g.*, 28 U.S.C. § 594(a)(10) (authorizing independent counsel to consult United States Attorney); § 594(d) (requiring DoJ to provide administrative support

and to pay expenditures of independent counsel); and § 594(e) (referral of related matters). Additional cooperation between the two offices is consistent with an independent counsel's broad authority under the Act. *See In re Sealed Case*, 829 F.2d at 56. Furthermore, cooperation at the initiative of an independent counsel does not violate the Act's purpose to prevent interference by the DoJ.[13]

Defendants contend that consolidation would violate § 597(a) of the Act which requires the DoJ to suspend any investigation into a matter within an independent counsel's mandate. That section provides:

> Whenever a matter is in the prosecutorial jurisdiction of an independent counsel or has been accepted by an independent counsel ... the Department of Justice, the Attorney General, and all other officers and employees of the Department of Justice shall suspend all investigations and proceedings regarding such matter except to the extent required by subsection 594(d)(1), and except insofar as such independent counsel agrees in writing that such investigation or proceedings may be continued by the Department of Justice.

*Id.* § 597(a).

Citing the legislative history of the section, defendants contend that it prohibits an independent counsel from delegating any important or substantial portion of its investigation to the DoJ under any circumstances. *See* S.Rep. No. 170, 95th Cong. 2d Sess., *reprinted in* 1978 U.S.Code Cong. and Admin.News 4284, 4292. The Court of Appeals for this Circuit has stated that the purpose of § 597(a) is "preventing investigations by the Department of Justice which would duplicate and possibly impede the work of the Independent Counsel." *In re Sealed Case*, 829 F.2d at 56. In that case, the Court of Appeals held that a parallel appointment to the Iran/Contra indepen-

---

**12.** Defendant Steier filed a motion to sever on August 10, 1992. The Court does not resolve that motion, which is not yet at issue.

**13.** The OIC contends that defendants do not have "standing" to assert that consolidation would impinge on its independence from the

DoJ. The Court of Appeals reached the merits of an objection similar to defendants without addressing standing in *In re Sealed Case*, 829 F.2d at 55–56. The Court concludes that defendants have standing under the Ethics Act to object a violation of the autonomy of the OIC.

dent counsel from the Attorney General did not violate § 597(a). The court specifically noted that the parallel appointment made the Iran/Contra independent counsel an office "within" the Department of Justice. *Id.* Nevertheless, the court upheld the parallel appointment because the independent counsel remained "free of ongoing supervision by the Attorney General." *Id.*

On the facts before the Court, a joint prosecution on the two indictments is comparable to the parallel appointment in the Iran/Contra investigation. Consolidating the South Florida indictment with the OIC indictment for trial will require the OIC and the DoJ to cooperate, but it will not subject the OIC to the supervision or control of the DoJ.[14] A joint prosecution will not reduce the OIC's autonomy or its prosecutorial authority. Therefore, consolidating the indictments will not violate the Ethics Act.

### Conclusion

The Ethics Act does not bar a joint prosecution of the OIC indictment and the South Florida indictment. The OIC indictment alleges that defendants Briscoe, Wilson, and Steier participated in a series of acts or transactions constituting a common scheme. The alleged scheme includes the offenses charged in the South Florida indictment against defendants Briscoe and Steier. Accordingly, the Court concludes that the offenses in the two indictments are logically related and that consolidation is appropriate under Rule 13. Finding that a joint trial would conserve substantial judicial resources, the Court consolidates the indictments for trial.

---

14. The Court expects the OIC and the United States Attorney to coordinate their trial effort so that the case may proceed smoothly. Such coordination does not require the OIC to submit to the supervision of the DoJ.