# Relationship Between Section 203(d) of the Patriot Act and the Mandatory Disclosure Provision of Section 905(a) of the Patriot Act

The sweeping authority to share information set forth in section 203(d) of the Patriot Act has a significant impact on the scope of the mandatory information-sharing obligation set forth in section 905(a) of the Patriot Act. Section 905(a) requires disclosure of foreign intelligence to the Director of Central Intelligence unless disclosure is otherwise prohibited by law. Because of the sweep of section 203(d), however, it is always lawful to disclose information that comes under that section in order to assist a federal official in the performance of his official duties. As a result, the preemptive effect of section 203(d) on all other non-disclosure provisions means that, absent an exception provided for by the Attorney General, foreign intelligence that would assist the Director of Central Intelligence in the performance of his official duties must be disclosed pursuant to section 905(a) because no other applicable law can be said to provide otherwise.

September 17, 2002

MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL
OFFICE OF LEGAL POLICY

You have asked for our views concerning how the broad scope of the information-sharing authority set forth in section 203(d)(1) of the Uniting and Strengthening America By Providing Appropriate Tools Required to Intercept and Obstruct Terrorism (USA Patriot Act) Act of 2001, Pub. L. No. 107-56, § 203(d), 115 Stat. 272, 281 ("Patriot Act") (codified at 50 U.S.C. § 403-5d) affects the mandatory disclosure provision contained in section 905(a) of the Patriot Act, 115 Stat. at 388-89 (codified at 50 U.S.C. § 403-5b(a)(1)). Specifically, section 905(a)(2) requires mandatory disclosure to the Director of Central Intelligence ("DCI") of foreign intelligence acquired in the course of a criminal investigation, "[e]xcept as otherwise provided by law." 115 Stat. at 389.[*] Section 203(d)(1), however, states that "it shall be lawful" to disclose such information to assist a federal official "in the performance of his official duties" "[n]otwithstanding any other provision of law." 115 Stat. at 281.

We conclude that section 203(d) means what its plain terms say, i.e., that notwithstanding *any* other provision of law limiting disclosure of information, it is lawful to disclose the information described in that section for the purpose of assisting a federal official "in the performance of his official duties." In turn, the sweeping authority to share information set forth in section 203(d) has a significant impact on the scope of the mandatory information-sharing obligation set forth in section 905(a). Section 905(a) requires disclosure of foreign intelligence to the

---

[*] Editor's Note: Subsequent to the issuance of this opinion, 50 U.S.C. § 403-5b(a)(1) was amended to refer to the Director of National Intelligence rather than the Director of Central Intelligence. *See* Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. No. 108-458, § 1071(a)(1)(G), 118 Stat. 3638, 3689.

DCI *unless* disclosure is otherwise prohibited by law. Because of the sweep of section 203(d), however, it is always lawful to disclose information that comes under that section in order to assist a federal official in the performance of his official duties. As a result, the preemptive effect of section 203(d) on all other non-disclosure provisions means that, absent an exception provided for by the Attorney General,[1] foreign intelligence that would assist the DCI in the performance of his official duties must be disclosed pursuant to section 905(a) because no other applicable law can be said to provide otherwise.

### I. Scope of Section 203(d)

Section 203(d)(1) provides as follows:

> Notwithstanding any other provision of law, it shall be lawful for foreign intelligence or counterintelligence (as defined in section [401a of this title]) or foreign intelligence information obtained as part of a criminal investigation to be disclosed to any Federal law enforcement, intelligence, protective, immigration, national defense, or national security official in order to assist the official receiving that information in the performance of his official duties. Any Federal official who receives information pursuant to this provision may use that information only as necessary in the conduct of that person's official duties subject to any limitations on the unauthorized disclosure of such information.

115 Stat. at 281.

As the Supreme Court has emphasized, "'[t]he starting point in every case involving construction of a statute is the language itself.'" *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685 (1985) (alteration in original) (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 756 (1975) (Powell, J., concurring)). "[W]e begin with the understanding that Congress 'says in a statute what it means and means in a statute what it says there,'" *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992)). *See also United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940) ("There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes."). The language of section 203(d)(1) states clearly that "it shall be lawful" for the foreign intelligence or counterintelligence or foreign intelligence information that is "obtained as part of a criminal investigation

---

[1] Section 905(a)(2) provides that the Attorney General "may provide for exceptions" when disclosure "would jeopardize an ongoing law enforcement investigation or impair other significant law enforcement interests." 115 Stat. at 388-89.

to be disclosed to any Federal law enforcement, intelligence, protective, immigration, national defense, or national security official," so long as the disclosure is made "to assist the official receiving that information in the performance of his official duties." 115 Stat. at 281. Moreover, the statute plainly states that such a disclosure may lawfully be made "*[n]otwithstanding any other provision of law*." *Id.* (emphasis added). Therefore, the plain terms of this provision indicate that any foreign intelligence information and counterintelligence or foreign intelligence, as defined in that section, obtained as part of a criminal investigation may be disclosed to the enumerated officials in order to assist those officials in their duties, regardless of any federal, state, or local law to the contrary.[2]

Congress was clearly concerned with ensuring that relevant foreign intelligence and counterintelligence information that could assist Federal officials in preventing the sort of tragedy that took place on September 11, 2001, could be made available to such officials. Section 203(d) carves out an exception to any existing laws restricting the sharing of information in order to ensure that certain classes of information may be shared with such officials, and we conclude that it should be applied in accordance with its language, that is, without limitation by other statutory provisions that may be inconsistent with it.[3] *Cf. Mapoy v. Carroll*, 185 F.3d 224, 229 (4th Cir. 1999) ("notwithstanding any other provision of law" means that all other jurisdiction-granting statutes shall be of no effect); *Liberty Maritime Corp. v. United States*, 928 F.2d 413, 416 (D.C. Cir. 1991) ("notwithstanding" clause read broadly to give Secretary of Transportation "broadest possible discretion"); *United States v. Fernandez*, 887 F.2d 465, 468 (4th Cir. 1989) (interpreting "notwithstanding any other provision of law" language in Ethics in Government

---

[2] We conclude that the plain meaning of this provision, which encompasses "any" law, includes state laws within its scope. As the Supreme Court has explained, the question of federal preemption of state law "is basically one of congressional intent." *Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25, 30 (1996). The plain terms of section 203(d)(1) reach "*any* other provision of law," and there is no reason to read this broad provision to exclude state law. 115 Stat. at 281 (emphasis added). This is particularly true given the type of information at issue, i.e., foreign intelligence, which is quintessentially a matter for the federal Government to address. Given the purposes of the Patriot Act, there is every reason to believe that Congress intended this provision to apply to all foreign intelligence information obtained under the law of any jurisdiction. Giving effect to confidentiality provisions in state law would impede the flow of foreign intelligence information to federal officials and would "stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941). In addition, other courts have viewed virtually identical phrases to have the effect of preempting state laws. *See Burlington N. & Santa Fe Ry. Co. v. Consol. Fibers, Inc.*, 7 F. Supp. 2d 822, 827-28 & n.2 (N.D. Tex. 1998) (holding that the phrase "[n]otwithstanding any other provision or rule of law" preempts state law and citing cases).

[3] This exemption, for example, applies to the prohibition on information disclosure imposed by the Privacy Act, 5 U.S.C. § 552a(b) (2000). Moreover, because section 203(d) exempts the information to which it applies from the prohibition in the Privacy Act entirely, the various exceptions to the prohibition in the Privacy Act are also not applicable. As a result, the conditions that attach to the disclosure of information pursuant to the Privacy Act exceptions do not apply to information disclosed pursuant to section 203(d).

Act to "naturally mean[] that the conferral of prosecutorial powers [on the independent counsel] should not be limited by other statutes"); *Bryant v. Civiletti*, 663 F.2d 286, 292 (D.C. Cir. 1981) ("notwithstanding" clause indicates that other statutory provisions were not intended to apply); *In re Oswego Barge Corp.*, 664 F.2d 327, 340 (2d Cir. 1981) (interpreting "notwithstanding" clause to mean that the remedies established by the statutory provision are not to be modified by any pre-existing law).[4]

Giving effect to the plain terms of section 203(d) is also consistent with section 203(a)(1)[5] and (b)(1)[6] of the Patriot Act. Those provisions amended the grand jury secrecy provisions of Rule 6(e)(3) of the Federal Rules of Criminal Procedure and the non-disclosure provisions of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510 *et seq.* (2000), to permit sharing—subject to certain procedures—of foreign intelligence information and counterintelligence or foreign intelligence developed in a grand jury or through a wiretap.

We recognize the argument that if section 203(d) is properly read to permit sharing of information without regard to *any* other law, it renders the disclosure

---

[4] On one occasion in the past, we construed the phrase "notwithstanding any other provisions of Federal, State, or local law" to have a more limited meaning. *See* Memorandum for Andrew J. Pincus, General Counsel, Department of Commerce, from Randolph D. Moss, Acting Assistant Attorney General, Office of Legal Counsel, *Re: The Effect of 8 U.S.C.A. § 1373(a) on the Requirement Set Forth in 13 U.S.C. § 9(a) That Census Officials Keep Covered Census Information Confidential* (May 18, 1999) (preempting federal officials' discretion to impose prohibitions on disclosure of information, but not effecting the repeal of explicit federal statutory prohibitions). Our analysis in that opinion, however, was entirely dependent on the particular context of the overall language of the statute in question and its relationship to the comprehensive regulation of confidentiality of census information set forth in title 13 of the United States Code. That opinion has no broader application.

[5] Section 203(a)(1) provides that disclosures otherwise prohibited by Rule 6(e) may be made "when the matters involve foreign intelligence or counterintelligence (as defined in section 3 of the National Security Act of 1947 (50 U.S.C. 401a)), or foreign intelligence information (as defined in clause (iv) of this subparagraph), to any Federal law enforcement, intelligence, protective, immigration, national defense, or national security official in order to assist the official receiving that information in the performance of his official duties." 115 Stat. at 279 (amending Fed. R. Crim. P. 6(e)(3)(C)(i)(V)).

[6] Section 203(b) provides that:

> Any investigative or law enforcement officer, or attorney for the Government, who by any means authorized by this chapter, has obtained knowledge of the contents of any wire, oral, or electronic communication, or evidence derived therefrom, may disclose such contents to any other Federal law enforcement, intelligence, protective, immigration, national defense, or national security official to the extent that such contents include foreign intelligence or counterintelligence (as defined in section 3 of the National Security Act of 1947 (50 U.S.C. 401a)), or foreign intelligence information (as defined in subsection (19) of section 2510 of this title), to assist the official who is to receive that information in the performance of his official duties. Any Federal official who receives information pursuant to this provision may use that information only as necessary in the conduct of that person's official duties subject to any limitations on the unauthorized disclosure of such information.

115 Stat. at 280 (codified at 18 U.S.C. § 2517(6)).

authorizations contained in subsections (a) and (b) superfluous, and simultaneously renders the disclosure restrictions contained in those subsections ineffective. Such a reading of the statute should, of course, be avoided. *See Ratzlaf v. United States*, 510 U.S. 135, 140-41 (1994) (cardinal rule of statutory construction is that significance and effect be accorded every word of a statute if possible). We conclude, however, that any such difficulty is more apparent than real and is easily dispelled by the standard canon of statutory construction that the more specific governs the general. *Simpson v. United States*, 435 U.S. 6, 15 (1978). Subsections (a) and (b) deal with specific and sensitive non-disclosure provisions in other laws. In amending those non-disclosure provisions, Congress has not simply duplicated the information-sharing authorization contained in section 203(d), but also has included additional requirements and safeguards, thereby justifying inclusion of separate subsections. 115 Stat. at 278-80. Subsection (a) amends Rule 6(e)(3)(C) to contain a subsection (iii), which provides that the attorney for the government who makes a disclosure under Rule 6(e)(3)(C)(i)(V) is required to "file under seal a notice with the court stating the fact that such information was disclosed and the departments, agencies, or entities to which the disclosure was made." 115 Stat. at 279. Similarly, subsection (b) permits Title III information to be disclosed only by "[a]ny investigative or law enforcement officer, or attorney for the Government, *who by any means authorized by this chapter*, has obtained knowledge of the contents of any wire, oral, or electronic communication, or evidence derived therefrom." 115 Stat. at 280 (emphasis added).

These specific disclosure provisions, which were enacted as part of the same section as the more general provision in section 203(d), should apply instead of the more general provision, *see Simpson*, 435 U.S. at 15, and thus they have effect independent of the more general provision. Subsections (a) and (b) were included in the Patriot Act to address the particular issues of disclosure in the Rule 6(e) and Title III contexts. Section 203(d) was designed as a sweeping catch-all to ensure that disclosures would not be blocked under any other statutory scheme. It does not matter that Congress perhaps could have made the interrelationship between the provisions more apparent. That is particularly so given the complexity of the Patriot Act and the short time within which it was drafted and enacted in response to the September 11, 2001 attacks.[7] As one court has recently explained, "statutes are not drafted with mathematical precision, and should be construed with some insight into Congress' purpose at the time of enactment." *In re Chateaugay Corp.*, 89 F.3d 942, 953 (2d Cir. 1996). *See also United States v. Coatoam*, 245 F.3d 553, 559 (6th Cir. 2001) (noting that the confusion arising as a result of Congress inadvertently enacting a second subsection was "not surprising given the length and breadth of the Crime Control Act").

---

[7] The statute was enacted on October 26, 2001. 115 Stat. 272.

## II. Impact of Section 203(d) on the Disclosures Required by Section 905(a)

Section 905(a)(2) provides as follows:

> Except as otherwise provided by law and subject to paragraph (2) [of 50 U.S.C. § 403-5b(a) (as added by section 905(a)(2))], the Attorney General, or the head of any other department or agency of the Federal Government with law enforcement responsibilities, *shall* expeditiously disclose to the Director of Central Intelligence . . . foreign intelligence acquired by an element of the Department of Justice or an element of such department or agency, as the case may be, in the course of a criminal investigation.

115 Stat. at 389 (emphasis added). This provision also requires the Attorney General to "develop procedures for the administration of this section, including the disclosure of foreign intelligence by elements of the Department of Justice, and elements of other departments and agencies of the Federal Government." *Id*. Section 905(a)(2) thus *mandates* disclosure of foreign intelligence acquired in the course of a criminal investigation, but Congress has qualified this mandate by making the disclosure requirement subject to other existing provisions of law that might limit disclosure—that is, it directed disclosure "except as otherwise provided by law."[8] Section 203(d), in contrast, sets forth a *permissive* grant of authority that is *not* restricted by other provisions of law: section 203(d) makes it lawful to share information "[n]otwithstanding any other provision of law." 115 Stat. at 281.

It might be argued, therefore, that the different language used in sections 905(a) and 203(d) reflects Congress's intent that very different standards, with very different results on the scope of information shared, would apply to the mandatory disclosure contained in section 905(a) and the permissive disclosure contained in section 203(d). In crafting mandatory disclosure under section 905(a), the argument would go, Congress sought to preserve all existing restrictions on disclosure of information. In section 203(d), by contrast, Congress authorized sweeping disclosure authority without regard to other laws in order to permit unfettered disclosure by federal officials when those officials thought it appropriate. Such a reading, however, ignores the manner in which the plain terms of the two provi-

---

[8] The mandatory disclosure requirement is limited by paragraph (2) of 50 U.S.C. § 403-5b(a) (as added by section 905(a)(2) of the Patriot Act) that the Attorney General "may provide for exceptions to the applicability of paragraph (1) [of 50 U.S.C. § 403-5b(a)] for one or more classes of foreign intelligence, or foreign intelligence with respect to one or more targets or matters, if the Attorney General determines that disclosure of such foreign intelligence under that paragraph would jeopardize an ongoing law enforcement investigation or impair other significant law enforcement interests." 115 Stat. at 389.

sions interact. Due to the scope of section 203(d), which permits sharing any information that falls within its scope regardless of other statutory restrictions, it is *never* unlawful to disclose foreign intelligence to a federal official when it will assist him in the performance of his official duties. As a result, no other law that would otherwise provide an exception to section 905(a) applies to section 905(a) information that also falls within the scope of section 203(d).

The question then arises how to read these two statutory provisions in a way that gives meaning to both. Because section 905(a) mandates disclosure "except as otherwise provided by law," yet section 203(d) authorizes disclosure "notwithstanding any other provision of law," a superficial reading of these provisions might lead one to conclude that section 203(d)'s authorization to disclose information "notwithstanding any other provision of law" renders meaningless section 905(a)'s mandate that disclosure be made "except as otherwise provided by law." We do not believe that to be the case, however. First, while section 905(a) generally requires the automatic disclosure of any and all foreign intelligence acquired in the course of a criminal investigation, section 203(d) permits disclosure of such information only when it is determined that the disclosure will be made "in order to assist the official receiving that information in the performance of his official duties." Moreover, section 203(d)(1) further restricts any subsequent use of such information by anyone who receives it pursuant to that section by providing that "[a]ny Federal official who receives information pursuant to this provision may use that information only as necessary in the conduct of that person's official duties subject to any limitations on the unauthorized disclosure of such information." 115 Stat. at 281. Second, the "[e]xcept as otherwise provided by law" language of section 905(a) preserves the specific limitations and requirements set forth in section 203(a) and (b).

In short, when the two statutory provisions are read together, the following is the result: There is no mandatory obligation under section 905(a) to disclose foreign intelligence generally when disclosure is prohibited by another law. Nevertheless, despite any restrictions on disclosure imposed in other laws, because foreign intelligence may be disclosed to the DCI (or any other federal official) under the authority of section 203(d) when disclosure of such information to the DCI (or other official) would assist him in the performance of his official duties, there is no law that has the effect of prohibiting the disclosure of information that falls within the scope of section 203(d). Therefore, absent an exception provided for by the Attorney General, information described in section 203(d) that will assist the DCI in the performance of his duties must be disclosed to the DCI pursuant to section 905(a), subject to the requirements of section 203(a) and (b).

PATRICK F. PHILBIN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*