**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4355**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARY ROBINSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. James P. Jones, Chief District Judge. (2:07-cr-00014-jpj-pms-2)

Submitted: June 2, 2009                Decided: July 10, 2009

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant. Julia C. Dudley, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Gary Robinson of assault with intent to commit murder and aiding and abetting, in violation of 18 U.S.C. §§ 2, 113(a)(1) (2006), assault with a dangerous weapon with intent to do bodily harm without just cause or excuse and aiding and abetting, in violation of 18 U.S.C. §§ 2, 113(a)(3) (2006), assault resulting in serious bodily injury and aiding and abetting, in violation of 18 U.S.C. §§ 2, 113(a)(6) (2006), and possession of prohibited objects intended to be used as weapons, in violation of 18 U.S.C. § 1791(a)(2), (d)(1)(B) (2006). Robinson was sentenced to a total of 262 months of imprisonment and now appeals. Finding no error, we affirm.

Robinson first challenges the sufficiency of the evidence supporting his conviction for assault with intent to commit murder. Because Robinson failed to challenge the sufficiency of the evidence in the district court in a Fed. R. Crim. P. 29 motion, we review this claim for plain error. United States v. Wallace, 515 F.3d 327, 331-32 & n.5 (4th Cir. 2008). To prevail on a claim of unpreserved error, Robinson must show that error occurred, that it was plain, and that it affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Furthermore, this court will not exercise its discretion to correct such error unless it "seriously affect[s] the fairness, integrity or public reputation of

2

judicial proceedings." Id. (internal quotation marks and citations omitted). We have thoroughly reviewed the record and find that Robinson has failed to demonstrate any error in the jury's determination of his guilt on this count.

Robinson next challenges the introduction of his codefendant's guilty plea to the charge in the first count on cross-examination of the codefendant. Because Robinson failed to object to the Government's questioning of the codefendant in the district court, we review this claim for plain error. See United States v. Adam, 70 F.3d 776, 780 (4th Cir. 1995). We have thoroughly reviewed the record and conclude that Robinson has failed to demonstrate that the admission of his codefendant's guilty plea during cross-examination was plain error that affected his substantial rights. See United States v. Withers, 100 F.3d 1142, 1145 (4th Cir. 1996); United States v. Blevins, 960 F.2d 1252, 1260 (4th Cir. 1992).

Robinson also challenges the introduction of evidence of a prior attack on an inmate by Robinson and his codefendant. This court reviews a district court's determination of the admissibility of evidence under Fed. R. Evid. 404(b) for abuse of discretion. United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). "In a criminal appeal, we will not vacate a conviction unless we find that the district court judge acted arbitrarily or irrationally in admitting evidence." United

3

States v. Benkahla, 530 F.3d 300, 309 (4th Cir. 2008) (internal quotation marks and citations omitted), cert. denied, 129 S. Ct. 950 (2009); see also United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) ("[A]n abuse [of discretion] occurs only when . . . the [district] court acted arbitrarily or irrationally in admitting evidence.").

Rule 404(b) prohibits the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, such evidence is "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake . . . ." Id. Rule 404(b) is an inclusionary rule, allowing evidence of other crimes or acts to be admitted, except that which tends to prove only criminal disposition. See Queen, 132 F.3d at 994-95. For such evidence to be admissible, it must be "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable." United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004) (citing Queen, 132 F.3d at 997). Additionally, the probative value of the evidence must not be substantially outweighed by its prejudicial effect. Id. (citing Fed. R. Evid. 403). We have reviewed the record and conclude that the admission of the evidence of Robinson and his

4

codefendant's prior attack on an inmate was proper, and the prejudicial effect did not outweigh the probative value.

Finally, Robinson challenges the district court's instruction to the jury on the charge of possession of a prohibited object intended to be used as a weapon. Because Robinson failed to object to the jury instructions in the district court, we review this issue for plain error. See Neder v. United States, 527 U.S. 1, 8-9 (1999) (noting that, in cases where defendant failed to object to jury instruction, issue is reviewed for plain error). Although the district court inadequately instructed the jury on this charge in failing to define "prohibited object" we conclude that the error did not affect Robinson's substantial rights. The district court instructed the jury that Robinson had been charged with possessing an object with the intent to use it as a weapon. See 18 U.S.C. § 1791(d)(1)(B) (2006). Thus, taking the instructions as a whole, we find that the jury necessarily found the omitted element. See United States v. Wilkinson, 137 F.3d 214, 223-24 (4th Cir. 1998).

Although not initially raised by Robinson, the Government concedes that the error in the jury instruction resulted in a violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), because Robinson was subjected to a higher maximum penalty based on facts not found by the jury. See 18 U.S.C.

5

§ 1791(b)(3), (b)(5), (d)(1)(B), (d)(1)(F) (2006). We conclude, however, that this error did not affect Robinson's substantial rights. See United States v. Ellis, 326 F.3d 593, 599-600 (4th Cir. 2003) (holding that sentence beyond statutory maximum based on facts found by jury did not affect defendant's substantial rights because error did not result in longer total term of imprisonment). Finally, to the extent Robinson attempts to challenge the imposition of a $100 special assessment for the first time in his reply brief, the claim is not properly before us. See United States v. Rosen, 557 F.3d 192, 196 n.6 (4th Cir. 2009); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

Accordingly, we affirm the judgment of the district court. We also deny Robinson's motion for leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED