**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4583**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DERRICK WENZEL SIMMONS, a/k/a Derrick W. Simmons,

                Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:15-cr-00376-PJM-2)

Submitted: August 1, 2017                Decided: August 11, 2017

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jonathan A. Gladstone, LAW OFFICES OF JONATHAN GLADSTONE, Annapolis, Maryland, for Appellant. Stephen M. Schenning, Acting United States Attorney, Kelly O. Hayes, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Wenzel Simmons pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2012). The district court imposed a sentence of 108 months' imprisonment, which Simmons challenges on appeal. Because we previously granted the Government's motion to dismiss Simmons' appeal in part, *United States v. Simmons*, No. 16-4583 (4th Cir. Apr. 27, 2017) (unpublished order), the sole remaining issue before us is whether Simmons' sentence is substantively reasonable.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Because Simmons "does not claim that the district court committed any procedural error," save for the previously dismissed issue, our review "is limited only to substantive reasonableness." *United States v. Howard*, 773 F.3d 519, 528 (4th Cir. 2014). "When reviewing the substantive reasonableness of a sentence, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014). In reviewing a sentence outside the Guidelines range, we "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014). If a court's deviation from the Guidelines range "is a substantial one, we must more carefully scrutinize the reasoning offered by the district court in support of the sentence. The farther the court

2

diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006) (ellipses omitted). However, "an appellate court *must* defer to the trial court and can reverse a sentence *only* if it is unreasonable, even if the sentence would not have been the choice of the appellate court." *United States v. Evans*, 526 F.3d 155, 160 (4th Cir. 2008).

Although Simmons' 108-month sentence reflects a significant increase from the applicable Sentencing Guidelines range of 37 to 46 months' imprisonment, we conclude that the district court's explanation adequately supports such an increase. The district court noted the dangerous circumstances surrounding the instant offense, Simmons' repeated involvement with firearms despite his status as a felon, the goals of deterring Simmons from future crimes and promoting respect for the law, and the need to protect the public from Simmons. In view of the totality of these circumstances, the district court's variant sentence was not an abuse of discretion.

The Government has moved to strike Simmons' reply brief on the ground that the brief presents arguments not previously raised. Because Simmons' brief is an appropriate document to file with this court and was timely submitted, *see* Fed. R. App. P. 28(c), we decline to strike the filing. Nonetheless, the gist of the Government's argument is well taken; thus, we do not consider the substance of the Simmons' novel arguments, as they have been forfeited. *United States v. Rosen*, 557 F.3d 192, 196 n.6 (4th Cir. 2009) ("We are unable to consider a claim raised for the first time by way of a reply brief.").

Accordingly, we deny the Government's motion to strike and affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*